# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| STEPHEN CHRISTOPHER NOVATNE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) NO. 3:19-cv-00748 |
| RUDD MEDICAL, ET AL., | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Stephen Christopher Novatne, an inmate of the Rutherford County Adult Detention Center (RCADC) in Murfreesboro, Tennessee, has filed a pro se complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an amended application to proceed in forma pauperis (IFP). (Doc. No. 10.) He has also filed a "Motion to Have Additional Facts Added" to his complaint. (Doc. No. 23.)

## I. Application to Proceed IFP

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee of $350.00 required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 10) will be granted by Order entered contemporaneously herewith.

## II. Initial Review of the Complaint

### A. PLRA Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, 28 U.S.C. § 1915A

provides that the Court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and must take all well-pleaded factual allegations as true. Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)).

**B. Section 1983 Standard**

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. Carl v. Muskegon Cty., 763 F.3d 592, 595 (6th Cir. 2014).

**C. Allegations and Claims**

Plaintiff sues Rudd Medical, Dr. Rudd, and Nurse Practitioner Melissa, as well as the RCADC, over their denial of the medical treatment he seeks and other alleged mistreatment. (Doc. No. 1 at 4, 6, 7.) Plaintiff alleges that he has significant spinal conditions, including scoliosis and herniated or collapsed discs in his lower back, and that he needs either a spinal fusion or a rod in his back. (Id. at 7.) He alleges that he has been made to sleep on a top bunk that he has to jump down from, exacerbating his back symptoms. (Id.) He alleges that Dr. Rudd claimed not to have received any of Plaintiff's past medical records, and that Dr. Rudd only ordered x-rays of Plaintiff's back after being threatened with a lawsuit. (Id.) The day after Plaintiff's back x-rays were obtained, Dr. Rudd informed Plaintiff that, in his professional opinion and based on the x-rays, there was "nothing wrong." (Id.) Plaintiff claims that he knows he has scoliosis, and that he believes the x-rays were inconclusive because x-rays cannot determine issues with discs. (Id.)

Plaintiff alleges that he has been mistreated since threatening to sue over his medical treatment, including by Nurse Practitioner Melissa, who on one occasion announced very loudly in front of Officer Wencil that she was treating Plaintiff for his "genital wart problem" rather than

3

discreetly using the clinical name for the condition. (Id.) Plaintiff alleges that he has been picked on and ridiculed since that day, exacerbating his depression and anxiety. (Id.) He believes his grievances about these medical issues have been thrown away, because he has gotten no response to them. (Id.) Plaintiff complains that he has been treated unfairly by Nurse Practitioner Melissa, who has been rude and unprofessional towards him. (Id. at 9.) He also alleges that he is being kept in segregation longer than his simple disciplinary infractions warrant, and without a hearing that is due under "TCI policy" if segregation exceeds 29 days, which he believes to demonstrate retaliation for his filing of grievances. (Id. at 9, 10.)

As relief, Plaintiff seeks the medical treatment he has been denied, a letter of apology, and damages. (Id. at 6, 7.)

**D. Analysis**

To begin with, the RCADC is not a proper defendant under Section 1983, which creates a cause of action against "[e]very person" who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. "For purposes of § 1983, 'person' includes individuals and 'bodies politic and corporate.'" Hix v. Tennessee Dep't of Corr., 196 F. App'x 350, 355 (6th Cir. 2006) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 & n. 55 (1978)). A county jail "is a place; it is not a 'person' that can be sued under 42 U.S.C. § 1983." Tucker v. Salandy, No. 3:17-cv-00671, 2017 WL 2438401, at *2 (M.D. Tenn. June 6, 2017).

Even if the Court broadly construed the claim against the RCADC as a claim against Rutherford County, it would be subject to dismissal. "To plead a claim for municipal liability under § 1983, Plaintiff must plausibly allege that his or her constitutional rights were violated and that a policy or custom of [the county] was the 'moving force' behind the deprivation of Plaintiff's

rights." Okolo v. Metro. Gov't of Nashville, 892 F. Supp. 2d 931, 941 (M.D. Tenn. 2012) (citing Miller v. Sanilac County, 606 F.3d 240, 254–55 (6th Cir. 2010)). Plaintiff's allegations and claims concerning his treatment by Rudd Medical and two of its employees (see Doc. No. 1 at 4) do not appear to involve the execution of any county policy. Furthermore, while Plaintiff states that he is suing RCADC because of his confinement in segregation for more than 29 days without a hearing and other excessive punishment for minor infractions in violation of "TCI policy," he makes no claim of a Rutherford County policy behind these incidents of alleged retaliation. Indeed, he alleges that these actions were taken "against their own policy." (Id. at 10.) Thus, the claims against the RCADC will be dismissed.

Defendant Rudd Medical is a proper defendant under Section 1983, see Starcher v. Corr. Med. Sys., Inc., 7 F. App'x 459, 465 (6th Cir. 2001) (finding that corporate provider of medical services to jail inmates is "clearly a state actor" under § 1983 and, like the county that operates the jail, can only be liable for harm directly caused by the execution of its policy), as are individual Defendants Dr. Rudd and Nurse Melissa. However, Plaintiff fails to state a plausible claim for any constitutional violation attributable to these Defendants. Instead, his allegations suggest medical negligence, which is not a viable theory under Section 1983. Estelle v. Gamble, 429 U.S. 97, 106–07 (1976). The Sixth Circuit "distinguish[es] between cases where the complaint alleges a complete denial of medical care and those where the claim is that a prisoner received inadequate medical treatment." Alspaugh v. McConnell, 643 F.3d 162, 169 (6th Cir. 2011) (quoting Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). If the allegation is that the prisoner received inadequate medical treatment, "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Id.

Here, Plaintiff disagrees with Dr. Rudd's opinion, formed after taking x-rays of Plaintiff's back, that surgery is not necessary. He further disagrees that x-rays were the proper imaging technique to diagnose his need for surgery. But mere disagreement with a course of treatment does not support a claim that the prison medical provider has been deliberately indifferent to serious medical needs. Darrah v. Krisher, 865 F.3d 361, 372 (6th Cir. 2017). Rather, "disagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists or the timing of their intervention . . . implicate medical judgments and, at worst, negligence amounting to medical malpractice," which is not cognizable under Section 1983. Randle v. Alexander, 960 F. Supp. 2d 457, 481 (S.D.N.Y. 2013). The Court therefore finds that these allegations fails to state a viable claim against Rudd Medical or Dr. Rudd.

As to Plaintiff's allegations that Nurse Melissa violated his rights by announcing his medical condition in the presence of a correctional officer, and by acting unprofessionally and otherwise treating him poorly, such allegations do not support a viable claim under Section 1983. Conduct that is "shameful and utterly unprofessional" does not for this reason alone violate the Constitution, nor does a breach of patient confidentiality that would amount to a violation of the Health Insurance Portability and Accountability Act (HIPAA). Crockett v. Core Civic, No. 3:17-cv-00746, 2017 WL 3888352, at *4 (M.D. Tenn. Sept. 5, 2017) (citing Johnson v. Unknown Dellatifa, 357 F.3d 539, 545–46 (6th Cir. 2004), and Adams v. Eureka Fire Prot. Dist., 352 F. App'x 137, 138–39 (8th Cir. 2009)); see also Wilkerson v. Shinseki, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010) ("Any HIPAA claim fails as HIPAA does not create a private right of action for alleged disclosures of confidential medical information."). These allegations of misconduct, and the ridicule Plaintiff endured as a result of Nurse Melissa's indiscretion, do not rise to the level of a constitutional violation.

Finally, the complaint also includes a one-page description of an incident of excessive force that occurred on July 7, 2019, at the hands of correctional officers who are not Defendants to this action. (Id. at 5.) The Court takes judicial notice of Plaintiff's separate lawsuit against these and other officers, filed a few weeks after the complaint in this case and currently pending before Judge Richardson. Novatne v. Elrod, et al., Case No. 3:19-cv-00821 (M.D. Tenn.). Because the subsequent action includes the allegations of excessive force described in the one-page statement described above (see id., Doc. No. 1 at 7), the Court does not consider these allegations or any claim they may support to be properly included in the instant case.

### III. Motion to Supplement

On February 7, 2020, Plaintiff filed a "Motion to Have Additional Facts Added" to his complaint (Doc. No. 23), which the Court construes as a motion to supplement under Federal Rule of Civil Procedure 15(d). Rule 15(d) permits a party, "[o]n motion and reasonable notice," and with the Court's permission "on just terms," to "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. Civ. P. 15(d). Plaintiff's motion seeks to supplement his complaint against Rudd Medical, Dr. Rudd, and Nurse Practitioner Melissa with the allegation that he is not allowed to go to the medical facility in the RCADC, but must receive medical treatment in a non-sterile environment. (Doc. No. 23 at 1–2.) Plaintiff further seeks to add the allegation that, despite the RCADC policy of allowing one professional teeth-cleaning upon request after an inmate has been in the facility for one year, he has had multiple requests for teeth-cleaning "refused by Ken Tucker of Rudd Medical due to [his] civil suit." (Id. at 2.)

The Court will deny the motion to supplement the current complaint with these additional allegations. A motion to supplement may be denied where the additional allegations "involve

7

different actors than the defendants named in th[e] action, and only tangentially relate to the matters asserted [therein]." Walls v. Fischer, 615 F. Supp. 2d 75, 76 (W.D.N.Y. 2009). As discussed above, the medical-care claims in this case are subject to dismissal. Although this fact alone does not preclude supplementation under Rule 15(d),[1] these additional, nonspecific allegations of the insufficiency of the medical care Plaintiff is receiving at the RCADC, if allowed, would not change this outcome. Furthermore, any claim of recent denial of appropriate dental care due to the interference of an individual who is not a named Defendant must be raised in a new lawsuit, rather than in a supplement to the current, unrelated complaint.

**IV. Conclusion**

In light of the foregoing, the Court will dismiss this action for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate Order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] "The court may permit supplementation even though the original pleading is defective in stating a claim or defense." Fed. R. Civ. P. 15(d).